DLD-347                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3442
_____

IN RE:  TORMU E. PRALL,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civil No. 1-10-cv-01228)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 28, 2014

Before: SMITH, HARDIMAN and KRAUSE, Circuit Judges

(Filed: September 11, 2014)
_____

OPINION
_____

PER CURIAM

        Petitioner Tormu E. Prall, proceeding pro se, seeks a writ of mandamus

compelling a district judge to disqualify himself and vacating an order of the District

Court.  Prall is the plaintiff in a civil action currently pending before the Honorable

Jerome B. Simandle.  A subset of the defendants in that action moved for summary

judgment.  Prall opposed the motion and filed a cross-motion for summary judgment in

response.  The District Court granted the defendants' motion and denied Prall's motion.

Prall then moved to disqualify Chief Judge Simandle and to vacate the order granting summary judgment for the defendants. Before the District Court could rule on the motion, Prall filed a mandamus petition along with a motion asking this Court to expedite our decision. This Court denied both the petition and the motion. The District Court subsequently denied Prall's motion for recusal. Prall then filed the instant petition, again asking for Chief Judge Simandle to recuse and for the order granting summary judgment to be vacated. For the reasons that follow, we will deny the petition.

Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A mandamus petition is a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455. See In re Sch. Asbestos Litig., 977 F.2d 764, 774-75 (3d Cir. 1992). We review a decision not to recuse for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 & n.12 (3d Cir. 2004).

Prall contends that Chief Judge Simandle is biased against him, as evidenced by the Chief Judge's alleged failure to give Prall's submissions due consideration in ruling upon the summary judgment motion. We disagree. There is no indication in the record that Chief Judge Simandle is biased or that he failed to consider Prall's contentions. The opinion that accompanied the order granting summary judgment for the defendants referenced Prall's submissions nine separate times. In fact, the District Court explicitly stated that it would arrive at the same conclusions even under Prall's versions of the facts. Dkt. No. 265, at 9, 13. We therefore discern no evidence of bias in Chief Judge

2

Simandle's handling of the summary judgment cross-motions, and we find that it was not an abuse of discretion for Chief Judge Simandle not to recuse. We further note that Prall's displeasure with an adverse ruling does not form a basis for recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

We also deny Prall's request to vacate the order granting summary judgment for the defendants. To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). In Prall's case, the summary judgment order at issue can be challenged by filing a proper and timely notice of appeal from the District Court's entry of a final order. As a result, Prall cannot make the required showing that he has no other adequate means to attain the desired relief.

Accordingly, we will deny Prall's mandamus petition.

3